**SO ORDERED.**

**SIGNED this 17 day of May, 2010.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

| | |
|---|---|
| **CAROLINA COMMONS DEVELOPMENT GROUP, LP,** | **CASE NO. 09-11230-8-JRL**<br>**Chapter 11** |
| DEBTOR. | |

**ORDER**

This case is before the court on the motion of Wells Fargo for relief from the automatic stay. A hearing was held in Wilmington, North Carolina on April 21, 2010.

Carolina Commons Development Group, LP filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 23, 2009. The primary asset of the debtor is a partially-developed 19.93 acre residential subdivision ("the project"), located within a larger subdivision known as Carolina Colours. Wells Fargo holds two notes secured by first and second deeds of trust on the debtor's real property with a balance of $5,500,316.92 on the petition date. No interest or principal has been paid on the notes since October 2008. By consent order entered February 26, 2010, the parties agreed that the debtor's case is a single asset real estate case as defined under 11 U.S.C. § 101(51B) and governed by the provisions of 11 U.S.C. § 362(d)(3). The debtor's plan of reorganization was filed on March 23, 2010, exactly 90 days after the bankruptcy petition. In essence, the plan provides for no payments to be made

to Wells Fargo during the first three years, except for 70% of the proceeds of any sales of the collateral, during which time interest would accrue, but not be paid, at 4.45%. After three years the outstanding obligation would be amortized at 4.45% interest over twenty years with a five year balloon payment. No obligations are enumerated for the debtor during the initial three year period, but the debtor is entitled to retain 30% of any sale proceeds.

Section 362 of the Bankruptcy Code provides that the court may terminate the automatic stay – (1) for cause; (2) if the debtor has no equity in the property and the property is not necessary to an effective reorganization; or (3) in a single asset real estate case, 90 days after filing unless the plan of reorganization "has a reasonable possibility of being confirmed within a reasonable time," or the debtor "has commenced monthly payments that are in an amount equal to interest . . . on the value of the creditor's interest in the real estate." Id. § 362(d)(1)-(3). Wells Fargo argues that it is entitled to relief under all three provisions: 1) "cause" exists to lift the automatic stay because Wells Fargo's interest in the collateral is not adequately protected due to the declining value of the collateral and the debtor's failure to make any payments since the bankruptcy filing; 2) because, according to a January 2010 appraisal, which assessed the "as is" value of the property to be no greater than $4,500,000.00, the debtor has no equity in the property, and the debtor has no real possibility of reorganizing within a reasonable time; and 3) because the debtor is a single asset real estate entity, which has neither presented a confirmable plan nor commenced monthly interest payments within 90 days of filing its Chapter 11 petition. The debtor asserts that Wells Fargo is adequately protected by an equity cushion of approximately 35% because value of the property is $8,500,000.00, that the property is necessary for the debtor's effective reorganization, and that the debtor will be able to obtain the

2

post-petition financing necessary to complete the project and successfully reorganize.

At hearing the testimony revealed that the debtor has no equity in the collateral and that no effective reorganization is in progress. By the debtor's own admission, the value of the property has declined well below the outstanding debt owed to Wells Fargo.[1] This decline in value results from the fact that no taxes have been paid on the property since 2008, two spring selling seasons have passed with no sales of units, the unfinished improvements on the lots have fallen into disrepair, market conditions remain unfavorable, and direct competition has increased within the larger Carolina Colours subdivision and from a nearby lakefront development. Although the debtor contends that a certain investor is willing to provide the infusion of cash necessary to get the project back on track so that units can be sold to fund the debtor's plan of reorganization, no investor appeared to testify nor was a letter or affidavit from such investor presented to the court. Without any concrete evidence of post-petition financing, the debtor is unable to establish that an effective reorganization can be commenced in a reasonable time.

Furthermore, the plan submitted by the debtor is so fatally flawed that the court must grant relief from the automatic stay under § 362(d)(3). The provisions of § 362(d)(3) are mandatory: in a single asset real estate case the court *shall* grant stay relief from the stay unless the debtor files a confirmable plan of reorganization or commences monthly interest payments within 90 days of the bankruptcy filing. Not only has the debtor failed to establish that its proposed plan of reorganization is feasible, the plan is not confirmable because its bears no resemblance to current commercial market conditions. To allow the debtor to defer all payments

---

[1] Despite the debtor's recent assertions that the collateral was worth around $8,500,000.00, at hearing the debtor conceded that the value could be as low as $3,000,000.00 due to recently changed circumstances.

for three years, during which time the debtor cannot default under the plan and is not obligated to sell the collateral but is entitled to keep 30% of any sale proceeds is commercially unreasonable. The debtor proposes to amend the plan to one with terms more amenable to Wells Fargo. However, this court has recently held that, in order to meet the requirements of § 362(d)(3), the debtor must submit a confirmable plan or commence monthly interest payments *within* the 90-day period, failing which relief from stay must be granted.  In re Highway 751 Partners, LLC, Case No 09-06564-8-JRL (Bankr. E.D.N.C. January 15, 2010); id. (February 22, 2010).  The 90-day period has expired, the debtor's proposed plan is not confirmable, and no payments have been made.

Based on the foregoing, Wells Fargo's motion for relief from the automatic stay is GRANTED.  The automatic stay shall terminate in favor of Wells Fargo effective 14 days from the date of this order pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

**"END OF DOCUMENT"**